# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| HEZEKIAH MURDOCK ) | |
| ) | |
| v. ) | Case No. CV414-041 |
| ) | CR410-159 |
| UNITED STATES OF AMERICA ) | |

## REPORT AND RECOMMENDATION

In *Murdock v. United States*, 2013 WL 3761124 (S.D. Ga. July 16, 2013), this Court denied Hezekiah Murdock's first 28 U.S.C. § 2255 motion because he waived his direct and collateral appeal rights in his plea bargain with the government. *Id.* at * 4; CR410-159, doc. 712 at 11-12, *adopted*, doc. 722. Again moving for § 2255 relief, he cites police and prosecutorial misconduct that he says figured into the charges against him. Doc. 763 at 4. Had he known of that he would never had pled guilty but instead would have moved to dismiss the indictment against him on government misconduct grounds -- if not gone to trial. Doc. 764 at 15. The misconduct, he contends, constitutes a "new fact" that gets him around the successiveness and time-bar barriers in 28 U.S.C. §

2255(f)(4) and § 2255(h). *Id.* at 2-3. Upon preliminary review under 28 U.S.C. § 2255 Rule 4(b), Murdock's § 2255 motion must be denied.

Movant primarily relies on *Scott v. United States*, 761 F. Supp. 2d 320, 325 (E.D.N.C. 2011) (defendant's motion to vacate, asserting he was entitled to relief from his sentence in light of the corruption of the law enforcement officers who investigated and assisted in his prosecution, was not a "second or successive" motion for which he had to obtain pre-filing authorization, despite the fact that defendant had previously filed a motion to vacate which was dismissed, where neither the public nor defendant had knowledge of the existence and extent of the corruption of the law enforcement officers until well after he had filed his initial motion to vacate when such corruption came to light during a joint state and federal criminal investigation). Doc. 764 at 4.

*Scott* involved a *jury-determined* judgment of guilt. Like Murdock, movant Scott had previously moved for § 2255 relief. *Scott*, 761 F. Supp. 2d at 323-325. But Scott's later § 2255 motion was based on newly discovered evidence of police misconduct alleged to have figured into a conviction and sentence unburdened by any guilty plea or double-waiver. It was not successive since that claim had not been ripe at the time of his

prior § 2255 motion. *Id.* at 325 ("Here, Petitioner's instant section 2255 motion is grounded in the arrest, prosecution, and sentencing of corrupt law enforcement personnel in the wake of Operation Tarnished Badge. Neither the public nor the Petitioner had knowledge of the existence and extent of this corruption until well after the Petitioner filed his initial section 2255 petition in November of 2001.").

Here, in contrast, Murdock pled guilty and waived direct and collateral appeal rights "on *any* ground,"[1] including (this Court held in *Murdock*) his right to complain that his lawyer failed to abide by his direction to pursue a direct appeal. *Murdock*, 2013 WL 3761124 at * 4. So even if his "new fact" asserted in his § 2255 motion escapes the time and successiveness procedural bars, nevertheless it must be denied on those same waiver grounds. Murdock, for that matter, raises no actual

---

[1] Murdock's double waiver:

> To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, *on any ground*, except that: the Defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the Defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court.

Doc. 695 at 12 (quoting doc. 631 at 7) (emphasis added).

innocence or jurisdictional challenge, only a pre-plea defense (police and government misconduct) bargained away as part of his plea bargain.[2] His "new evidence" claim is thus still-born. *See, e.g., United States v. Andrews*, 471 F. App'x 824, 828 (10th Cir. 2012) (pre-plea claims deemed barred by double-waiver).

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte*

---

[2] The "evidence" on which Murdock now relies is a consulting firm's investigative report primarily on a local law enforcement officer's efforts to tip off criminals and otherwise compromise criminal investigations of, among others, Murdock. Doc. 178-1. It shows that, if anything, the misconduct *assisted* Murdock and other suspects. Unsurprisingly, Murdock now lobs at this Court only lofty declarations stripped of factual connective tissue. An example: "The misconduct allegations of falsifying documents, breaking Title III wiretap protocol, tampering with evidence, and violating their oaths of office were very detrimental to the case against Murdock. Because of the extent of the officers' misconduct, it would have required suppression of critical *evidence* that could have been used at trial to determine Murdock's innocence or guilt." Doc. 764 at 11-12 (emphasis added).

*What* evidence? Movant does not say. For that matter, no rogue officer is mentioned in the factual basis of Murdock's guilt, as set forth in his Fed. R. Cr, P. 11 hearing. Doc. 686 at 33-38. Murdock confirmed as true that factual basis. *Id.* at 38. Nor does he show how any police misconduct played any role -- plus or minus -- in his effort to suppress the wiretap evidence against him. *See* CR410-160, doc. 313 (S.D. Ga. Dec. 17, 2010) (comprehensive Report and Recommendation, in a parallel case, denying his motion to suppress), *adopted*, doc. 321 (S.D. Ga. Jan. 6, 2011).

denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this  12th  day of March, 2014.

/s/ G. R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA