# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| HEZEKIAH MURDOCK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CR410-159 |
| | ) | CV417-213 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Defendant Hezekaih Murdock pled guilty to conspiracy to possess with intent to distribute, and distribute, controlled substances (100 kilograms or more of marihuana) on April 18, 2012. Doc. 632 [1] (Judgment). He now moves to vacate his conviction and sentence, contending that his counsel was ineffective for "fail[ing] to object to a presentence report, [and to] secure an agreed upon sentence or sentencing range, prior to or at the time of the guilty plea being tendered."[2] Doc. 890 at 9. Because his motion is successive and he has

---

[1] The Court is citing to the criminal docket in CR410-159 unless otherwise noted and all page numbers are those imprinted by the Court's docketing software.

[2] The Court notes that the transcript of Murdock's change of plea hearing reflects that the presiding Judge explained to Murdock that his attorney could not state with

1

not secured the necessary permission from the Court of Appeals, the Court lacks jurisdiction to consider it.

In October 2012 Murdock moved to vacate his sentence, alleging ineffective assistance of counsel for failing to file a requested notice of appeal and arguing that "the Government [b]reached its Plea Agreement . . . ." Docs. 677 (28 U.S.C. § 2255 Motion) & 678 at 2 (identifying "issues presented"). His motion was denied on the merits, doc. 722 (Judgment), but remanded by the Court of Appeals in January 2015. Doc. 801 (Court of Appeals opinion noting the Government had withdrawn its reliance on Murdock's plea agreement-based collateral attack waiver in his plea agreement). In April 2015, this Court held an evidentiary hearing on his motion. Doc. 808 (Minute Entry). Before the Court rendered its decision, however, he withdrew it. *See* doc. 821 (dismissing case because petitioner, "through counsel, represents that he received a sentence reduction . . . and is 'now satisfied with his sentence

---

certainty what his sentence would be, but only "make an estimate of what those guidelines are going to reflect," and warned Murdock that his sentence "might be more harsh than [counsel] predicted . . . ." Doc. 686 at 18-19. Murdock affirmed that he understood. *Id*. The transcript of the sentencing hearing also reflects that the Court asked Murdock whether he "read what the probation officer has placed in the report," and whether he had any "disagreement with it." Doc. 683 at 7. Murdock responded that he had read the report, discussed it with his attorney, and did not disagree with its contents. *Id*.

and no longer wishes to pursue his pending section 2255 petition.'" (cite omitted)); doc. 816 (granting Murdock's sentence-reduction motion under 18 U.S.C. § 3582(c)(2)).

While his appeal of the denial of his original motion was pending, in March 2014 Murdock filed a second § 2255 motion. *See* doc. 763. There, he alleged that law enforcement "[p]re-plea misconduct rendered his plea involuntary," and "the prosecutor had intimate knowledge of the law enforcement misconduct . . . and intentionally misled Murdock as well as the court as to its existence." *Id*. at 4-5. The Court dismissed that motion and the Court of Appeals denied his request for a Certificate of Appealability (COA). Doc. 765 (recommending motion be denied because "even if [the misconduct allegation] asserted in his § 2255 motion escapes the time and successiveness procedural bars, nevertheless it must be denied" because of waiver of collateral attack in plea agreement); doc. 768 (Judgment); doc. 774 (Court of Appeals Order, dated July 2014, denying COA).

"Before a second or successive [§ 2255 motion] . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in § 2244 . . . ."). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (citing *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997)). "[S]econd or successive status only attaches to a judgment on the merits." *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014) (explaining that a dismissal without prejudice for being an unauthorized, successive motion is not judgment on the merits for the purpose of determining that a later petition is successive).

Where "the essential facts underlying [a] claim were available at the time of [a] first § 2255 motion, and [the movant] failed to raise [it]," subsequent motions are successive. *Feas v. United States*, 701 F. App'x 768, 771 (11th Cir. 2017). The facts underlying Murdock's present claim were clearly available to him when he filed (at least one, if not both, of) his previous § 2255 motions. After all, he contends that the ineffective assistance was rendered at the pleading and sentencing stages; it is inconceivable that he could have *discovered* his counsel's failure to "obtain an agreed upon sentence," or "object to the presentence report"

years after the fact. Doc. 890 at 1.

The instant motion is, therefore, successive, and Murdock has indisputably not sought permission from the Court of Appeals to bring it before this Court.[3] Since Murdock's motion is successive, and was not

---

[3] This is so regardless of whether Murdock's withdrawn motion resulted in his subsequent motions being successive. The objective circumstances surrounding voluntary withdrawal of a motion control whether it "counts" for purposes of determining whether subsequent motions are successive. *See De Jesus Huarte v. United States*, 2016 WL 723488 at * 2 (S.D Fla. Dec. 14, 2016) (citing *Vitrano v. United States*, 643 F.3d 229, 233 (7th Cir. 2011) ("A § 2255 motion need not be adjudicated on the merits to 'count' as a prisoner's first motion for AEDPA purposes. A prisoner who voluntarily dismisses a § 2255 motion . . . may find himself out of luck when he tries to file a second."); *Thai v. United States*, 391 F.3d 491, 495 (2nd Cir. 2004)); *United States v. Whetstone*, 2016 WL 6944165 at * 2 (N.D. Ga. Nov. 28, 2016) ("Courts generally consider the circumstances surrounding a prisoner's decision to dismiss or withdraw a Section 2255 motion in determining whether that motion may subject the movant to the successive requirements under the Anti-Terrorism and Effective Death Penalty Act of 1996, [cit.].").

The record reflects that Murdock, through counsel, voluntarily withdrew his first §2255 motion because he had achieved a satisfactory sentence through other procedural means. *See* doc. 821. The Second Circuit's test to determine when a voluntarily dismissed motion renders subsequent motions successive distinguishes between cases "where a petitioner moves to withdraw a § 2255 motion due to curable procedural defects, or upon realizing that his or her claims are not yet exhausted" from one where "a petitioner clearly concedes upon withdrawal . . . that the petition lacks merit." *Thai* 391 F.3d at 495. Murdock's voluntary withdrawal does not fit neatly into either category. He did not withdraw his petition because of a mere procedural defect, but his withdrawal also does not obviously concede that his petition lacked merit. He had also pursued his motion through an evidentiary hearing. That's a significant circumstance because courts must not allow movants "'to thwart the limitations on the filing of second or successive motions by withdrawing their first petition as soon as it became evident that the district court was going to dismiss it on the merits.'" *Id*. (alterations omitted) (quoting *Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997)).

His second motion *was* addressed on the merits. Docs. 765, 767, 768 & 774.

5

authorized by the Court of Appeals, it should be **DISMISSED**.[4]

---

Thus, whether Murdock's voluntary withdrawal of his first motion "counts," for successiveness purposes, is irrelevant. If it doesn't, the current motion is his first successive motion; if it does, it's his second. Either way, he lacks authorization from the Court of Appeals and thus this court lacks jurisdiction to hear it.

Nor does the fact that his sentence was reduced in 2015 avoid the successiveness bar. Sentence reductions do not create a new judgment for § 2244 purposes. *See, e.g., United States v. Jones*, 796 F.3d 483, 483 (5th Cir. 2015) (holding "that a § 3582(c)(2) sentence reduction does not result in a new judgment, but rather only in the modification of an existing one, and a petitioner may not thereby avoid the requirements for filing 'second or successive' habeas applications."); *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) ("This Circuit has been very clear in holding that a sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a de novo resentencing." (cite omitted)).

[4] It is doubtful whether the current motion, even if not successive, is timely. Motions under § 2255 are subject to a one-year period of limitation, running from the latest of several specified events. *See* 28 U.S.C. § 2255(f). That period is subject to equitable tolling. *See, e.g., Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) ("We therefore conclude that in the proper case § 2255's period of limitations may be equitably tolled."). But, "[t]o be entitled to equitable tolling, a movant must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Bazemore v. United States*, 595 F. App'x 869, 873 (11th Cir. 2014). Judgment was entered against Murdock was on April 18, 2012. *See* doc. 632 (Judgment). He filed the current petition, crediting the date of his signature, on September 29, 2017. Doc. 890 at 3. Thus more than five years passed between his conviction and this petition. He does not address the issues of timeliness or equitable tolling. *See generally id.* Although it seems likely that Murdock's motion (even if it weren't successive) is untimely, the Court's lack of jurisdiction to consider the motion renders the issue moot.

Further, even if his motion overcame both the successiveness and timeliness bars, he would be confronted with the obstacle of his collateral-attack waiver. As the Court explained in recommending denial of (one of) his previous § 2255 motions, his plea agreement "waived direct and collateral appeal rights 'on any ground.'" Doc. 765 at 3 (quoting doc. 695 at 12). The Court adopted that recommendation, despite Murdock's objection, doc. 767, and the Court of Appeals denied his request for a COA to seek review, doc. 774. Again, the fact that this is either Murdock's second or third § 2255 motion means that this Court lacks jurisdiction to consider it, absent

Applying the Certificate of Appealability standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue.  28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The

---

authorization from the Court of Appeals.  Thus, the question of his waiver's application too is moot.

district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>5th</u> day of June, 2018.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA