# United States District Court
# for the Southern District of Georgia
# Savannah Division

FILED
Scott L. Poff, Clerk
United States District Court

By MGarcia at 12:13 pm, Apr 03, 2020

UNITED STATES OF AMERICA,

v.

HEZEKIAH MURDOCK,

    Defendant.

CR 410-159-4

## ORDER

Before the Court is Defendant Hezekiah Murdock's motion for sentence modification wherein he requests that he be permitted to serve the remainder of his sentence on home confinement. Dkt. No. 907. His motion is **DENIED**.

The Court does not have the authority to modify Murdock's sentence at this stage. "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); see also 18 U.S.C. § 3582(c). None of the statutory provisions apply to Murdock: the Bureau of Prisons ("BOP") has not filed a motion asking for a reduction due to Murdock's age and circumstances, § 3582(c)(1)(A), the Government has not filed a Rule 35 motion, § 3582(c)(1)(B), Murdock's advisory Guideline range has not been lowered by retroactive amendment, § 3582(c)(2), and the 14-day time limit for any correction of

the sentence due to "arithmetical, technical, or other clear error" has long passed, see Fed. R. Crim. P. 35(a).

After a district court sentences a federal offender, the BOP is responsible for administering the sentence. United States v. Wilson, 503 U.S. 329, 331 (1992); see also 18 U.S.C. § 3621. To the extent Murdock is challenging the BOP's decision in that regard, his remedy is to file a petition pursuant to 28 U.S.C. § 2241. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008) ("[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241.").

Murdock's motion is **DENIED**.

**SO ORDERED**, this 3rd day of April, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA