# United States District Court
# for the Southern District of Georgia
# Savannah Division

```
UNITED STATES OF AMERICA,   |
                            |
v.                          |   CR 410-159-4
                            |
HEZEKIAH MURDOCK,           |
                            |
     Defendant.             |
```

### ORDER

Before the Court is Defendant Hezekiah Murdock's motion for reconsideration of this Court's order denying his motion for compassionate release. Dkt. No. 910.  His motion is **DENIED**.

Murdock asks the Court to place him in home confinement for the remainder of his sentence.  The Court construes his motion as one for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  Murdock's motion is based on the COVID-19 pandemic and his assertion of danger to his health.  As the Government notes, Murdock points to no evidence that he has exhausted his administrative remedies with the Bureau of Prisons ("BOP") as required by 18 U.S.C. § 3582(c)(1)(A).

The BOP has an administrative process in place to determine how best to respond to the risk each individual inmate faces from COVID-19.  The exhaustion requirement allows the BOP to apply that process in a timely and orderly manner without giving preferential treatment to inmates who prematurely file motions

with the Court. Having found that Murdock has failed to exhaust his administrative remedies, the Court concludes that it does not have jurisdiction to decide Murdock's request. See United States v. Matthews, No. 5:01-cr-18, 2020 WL 1845101, at *2 (M.D. Ga. Apr. 10, 2020) ("Because '[n]othing in the record ... indicates [petitioner] exhausted his administrative remedies before filing his request,' the Court does not have jurisdiction to consider the motion." (quoting United States v. Coates, 775 F. App'x 669, 671 (11th Cir. 2019))).

Furthermore, Murdock's implication that the administrative exhaustion requirement is futile or somehow inapplicable during the present pandemic is not persuasive. There is no futility exception to § 3582(c)(1)(A)'s administrative exhaustion requirement, and the Court declines to invent one. Moreover, even if Murdock had exhausted his administrative remedies, Murdock has not provided evidence of any "extraordinary or compelling reason" in order to qualify for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

Accordingly, Murdock's motion for compassionate release, dkt. no. 910, is **DENIED**.

**SO ORDERED**, this 6th day of May, 2020.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA