# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR 410-159-4 |
| | ) | |
| HEZEKIAH J. MURDOCK, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Hezekiah Murdock's renewed motion for early termination of supervised release. Dkt. No. 948. For the reasons below, his motion is **DENIED**.

## BACKGROUND

Pursuant to a written plea agreement, Defendant pleaded guilty to a lesser-included offense of conspiracy to possess with intent to distribute, and to distribute, controlled substances (100 kilograms or more of marijuana) (Count 1s), in violation of 21 U.S.C. § 846. On April 18, 2012, the Court sentenced Defendant to 160 months' imprisonment, followed by five years' supervised release, and imposed a $5,000 fine and $100 special assessment. Defendant did not appeal.

In October 2012, Defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 677. The Court ultimately denied that motion. Dkt. Nos. 712, 721. On May 26,

2015, Defendant's sentence was reduced to 128 months', pursuant to 18 U.S.C. § 3582(c)(2). Defendant was released from Bureau of Prisons' custody on May 24, 2021. In August 2021, Defendant's supervision was transferred to the Northern District of Georgia after he was approved to relocate with his wife as she moved for employment. In May 2022, Defendant moved the Court to terminate his supervised release. Dkt. No. 945. That motion was denied. Dkt. No. 946. Defendant now renews his motion for early termination of supervised release. Dkt. No. 948.

Since his release from Bureau of Prisons' custody, Defendant has maintained stable housing and employment, satisfied his financial obligations to the Court, and remained compliant with the terms of his supervised release. However, as noted in the Court's prior Order, as part of the underlying offense, Defendant played an integral role in a large drug distribution enterprise. Moreover, he has completed only twenty-six months of his sixty-month supervision term.

Under 18 U.S.C. § 3583(e)(1), a "court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the

2

provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and in the interests of justice."

While the Court commends Defendant for making positive strides while under supervision, the Court must carefully weigh a favorable adjustment to Defendant's supervision against his offense of conviction. After consideration, the Court **DENIES** Defendant's motion at this time. Dkt. No. 948. Defendant may reurge his motion once he has completed half his term of supervised release.

**SO ORDERED** this ____ day of August, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA